# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRINCIPLE ENTERPRISES, LLC.<br><br>    *Plaintiff,* | |
| vs. | Civil Action 4:21-cv-01115-MWB |
| TILDEN MARCELLUS, LLC, ROCKDALE MARCELLUS, LLC, EDWARD J. HEBERT, AND THOMAS C. STREETER,<br><br>    *Defendants* | Related to Doc. 1 |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Tilden Marcellus, LLC ("Tilden") by its undersigned counsel, Tucker Arensberg, P.C., files its Answer and Affirmative Defenses to the Complaint of Principle Enterprises, LLC, and in support thereof, avers as follows:

1.      Tilden is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the averments are therefore denied.

2.      Paragraph 2 is admitted in part and denied in part. It is admitted that Defendant Tilden Marcellus, LLC ("Tilden") is a limited liability company organized under the laws of the state of Texas and that Tilden does business in the Commonwealth of Pennsylvania. It is denied that 945 Bunker Hill Road, Houston, Texas 77024 is Defendant's principal business address

3.     Paragraph 3 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

4.     Paragraph 4 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them. By way of further response, Hebert is not the managing member of Tilden which is a limited liability company and does not have shareholders.

5.     Paragraph 5 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.  By way of further response, Tilden is a limited liability company and does not have shareholders.

6.     Paragraph 6 is a conclusion of law which requires no response.

7.     Paragraph 7 contains a conclusion of law to which no response is required. To the extent an answer is required, Tilden is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the averments are therefore denied. Specifically, Plaintiff is a limited liability company and Tilden lacks knowledge whether the members of Plaintiff are citizens of the same states as Tilden or of any members of Tilden, in which instance diversity would not exist.

8.     The allegations of Paragraph 8 are denied. By way of further response, the contract between Plaintiff and Tilden has a clear venue selection provision in Harris County, Texas.  Furthermore, Plaintiff's principal address is within the Western District of Pennsylvania and Tilden's principal address in Pennsylvania is

TADMS:5564094-3 036372-191404

also in the Western District of Pennsylvania  so venue would more properly lie in the Western District of Pennsylvania.

9.      The allegations of Paragraph 9 are denied. By way of further response, the contract between Plaintiff and Tilden has a clear venue selection provision in Harris County, Texas. Furthermore, Plaintiff's principal address is within the Western District of Pennsylvania and Tilden's principal address in Pennsylvania is also in the Western District of Pennsylvania  so if venue is proper is Pennsylvania, venue would more properly lie in the Western District of Pennsylvania.

10.      Paragraph 10 contains a conclusion of law to which no response is required. To the extent an answer is required the allegations are denied. To the contrary, the Pennsylvania's Contractor and Subcontractor Payment Act ("CASPA"), 73 P.S. § 501 et seq. is not applicable to the agreement with Tilden in this case.

FACTUAL  BACKGROUND

11.      Paragraph 11 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

12.       Paragraph 12 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

13.       Paragraph 13 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

14.     Paragraph 14 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

15.     The allegations are denied as stated. It is admitted that on or about January 11, 2019 Tilden filed its certificate of formation as a Texas Limited Liability company and that Hebert was the initial registered agent and remains named as the registered agent in Texas. The remaining allegations in paragraph 15 are denied.

16.     Tilden is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the averments are therefore denied

17.     The allegations in paragraph 17 are denied as stated. It is admitted that exhibit 2 is a copy of the Master Service Agreement dated April 16,  2019, which as a written agreement speaks for itself.

18.     Paragraph 18 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

19.     Tilden is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the averments are therefore denied. By way of further response, the agreements referred are written documents which speak for themselves.

20.     Tilden is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the averments are therefore denied.

21.     Paragraph 21 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

22.     Paragraph 22 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

23.     Paragraph 23 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

24.     Paragraph 24 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

25.     Paragraph 25 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

26.     Denied as stated. By way of further response the Master Service Agreement is a written document which speaks for itself.

27.     Denied as stated. Without copies of the invoices in question, Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

28.     The allegations in paragraph 28 are admitted in part and denied in part. It is admitted that Plaintiff filed mechanics' liens in Tioga County, but by way of further

response, the mechanics' liens filed by Plaintiff are the subject of preliminary objections and/a petition to reopen and strike judgment.

29.     Tilden is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the averments are therefore denied.

30.      Tilden is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the

31.     Tilden is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the averments are therefore denied.

32.     Tilden is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the averments are therefore denied.

33.     The allegations in paragraph 33 are denied.

34.     The allegations in paragraph 34 are denied.

35.     The allegations in paragraph 35 are denied.

36.     The allegations in paragraph 36 are denied.

37.     The allegations in paragraph 37 are denied as stated. By way of further response, the invoice is a written document that speaks for itself.

38.     The allegations in paragraph 38 are denied as stated. By way of further response, the invoices and Master Service Agreement are written documents that speak for themselves.

39.     The allegations in paragraph 39 are denied.

40.     The allegations in paragraph 40 are denied.

41.     The allegations in paragraph 41 are denied as stated. By way of further response, the invoice is a written document that speaks for itself.

42.     The allegations in paragraph 42 are denied.

43.     The allegations in paragraph 43 are related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

44.     The allegations in paragraph 44 are denied.

45.     The allegations in paragraph 45 are denied.

46.     The allegations in paragraph 46 are denied.

47.     The allegations in paragraph 47 are denied. By way of further response, the Cameron mechanics' liens are the subject of preliminary objections filed in the Court of Common Pleas of Tioga County, PA.

48.     The allegations in paragraph 48 are denied. By way of further response, the Newpark mechanics' liens are the subject of preliminary objections filed in the Court of Common Pleas of Tioga County, PA.

49.     The allegations in paragraph 49 are denied. By way of further response, the Cameron mechanics' liens are the subject of preliminary objections filed in the Court of Common Pleas of Tioga County, PA.

50.     The allegations in Paragraph 50 are denied.

51.     The allegations in paragraph 51 are denied. By way of further response, the Patterson mechanics' liens are the subject of preliminary objections filed in the Court of Common Pleas of Tioga County, PA.

52.     The allegations in paragraph 52 are denied. By way of further response, the Diamond mechanics' liens are the subject of preliminary objections filed in the Court of Common Pleas of Tioga County, PA.

53.     The allegations in paragraph 53 are denied. By way of further response, the Diamond mechanics' liens are the subject of preliminary objections filed in the Court of Common Pleas of Tioga County, PA.

54.     Tilden is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the averments are therefore denied.

55.     Tilden is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the averments are therefore denied.

56.     The allegations in paragraph 56 are denied.

57.     The allegations in paragraph 57 are denied.

58.     Paragraph 58 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

59.     Paragraph 59 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

60.     Paragraph 60 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

61.     Paragraph 61 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

62.     Paragraph 62 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

63.     Paragraph 63 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

64.     Paragraph 64 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them. The allegations in paragraph 64 are denied.

65.     Paragraph 65 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

66.     Paragraph 66 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

67.     The allegations in paragraph 67 are allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

68.     Paragraph 68 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

69.     Paragraph 69 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

70.     Paragraph 70 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

## COUNT I
## CONTRACTOR AND SUBCONTRACTOR PAYMENT
## ACT (CASPA VIOLATION)
### (*pled against Defendants Rockdale and Tilden*)

71.     This paragraph is an incorporation paragraph and needs no response.

72.     Paragraph 72 states a conclusion of law to which no response is required. To the extent a response is required it is denied that Plaintiff is entitled to the protections of CASPA.

73.     The allegations in this paragraph are conclusions of law to which a response is not required. To the extent a response is required the allegations are denied.

74.     The allegations in this paragraph are conclusions of law to which a response is not required. To the extent a response is required the allegations are denied.

75.     The allegations in this paragraph are conclusions of law to which a response is not required. To the extent a response is required the allegations are denied.

76.     Tilden is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the averments are therefore denied.

77.     The allegations in this paragraph are denied to the extent that they attempt to characterize the provisions of the Master Service Agreements which are written documents which speak for themselves.

78.     The Master Service Agreements are written documents which speak for themselves and the allegations in this paragraph are denied to the extent that they attempt to characterize and mischaracterize the provisions thereof.

79.     Tilden is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the averments are therefore denied.

80.     The allegations in this paragraph are conclusions of law to which a response is not required. To the extent a response is required the allegations are denied.

81.     The allegations in this paragraph are conclusions of law to which a response is not required. To the extent a response is required the allegations are denied.

82.     The allegations in this paragraph are conclusions of law to which a response is not required. To the extent a response is required the allegations are denied.

83.     The allegations in this paragraph are conclusions of law to which a response is not required. To the extent a response is required the allegations are denied.

84.     The allegations in this paragraph are conclusions of law to which a response is not required. To the extent a response is required the allegations are denied.

85.     The allegations in this paragraph are conclusions of law to which a response is not required. To the extent a response is required the allegations are denied.

86.     Tilden is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the averments are therefore denied.

87.     Tilden is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and the averments are therefore denied.

WHEREFORE, Tilden Marcellus, LLC respectfully requests that this Honorable Court find in its favor and dismiss Plaintiff's complaint against Tilden such other and further relief as is just and proper.

## COUNT II – ALTER EGO

88.     Paragraph 88 is an incorporation paragraph which needs no response.

89.     The allegations in this paragraph are conclusions of law to which a response is not required. To the extent a response is required the paragraph contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

90.     The allegations in this paragraph are conclusions of law to which a response is not required. To the extent a response is required the paragraph contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

91.     Paragraph 91 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

92.     Paragraph 92 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

93.     Paragraph 93 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

94.     Paragraph 94 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

95.     Paragraph 95 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

96.     The allegations in paragraph 96 are conclusions of law to which a response is not required. To the extent a response is required the allegations are denied as stated. To the contrary Tilden was able to and did pay for basic services when it was getting its business "off the ground".

97.     The allegations in paragraph 97 are conclusions of law to which a response is not required. To the extent a response is required the allegations are denied as stated as Tilden is unable to determine what is meant by the averment "almost immediately after creation" or address what Plaintiff means by the phrase "basic debts reasonably expected to arise in the normal course of a gas extraction business". To the contrary Tilden was able to and did pay for basic services as of its creation date.

98.     Paragraph 98 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

99.     Paragraph 99 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

100.    Paragraph 100 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

101.    Paragraph 101 contains conclusions of law to which no response is required. To the extent a response is required the paragraph contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

102.    Paragraph 102 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

103.    Paragraph 103 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

WHEREFORE, Tilden Marcellus, LLC respectfully requests that this Honorable Court find in its favor and dismiss Plaintiff's complaint against Tilden such other and further relief as is just and proper.

## COUNT III– LIABILITY OF CONTROLLING PERSONS THROUGH PIERCING THE CORPORATE VEIL
### *(Pled against Defendants Hebert and Streeter)*

104.    Paragraph 104 is an incorporation paragraph which needs no response.

105.    Paragraph 105 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

106.    Paragraph 106 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

107.    Paragraph 107 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

108.    Paragraph 108 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

109.    Paragraph 109 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

110.    Paragraph 110 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

111.    The allegations in paragraph 111 are denied.

112.    Paragraph 112 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

113.    Paragraph 113 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

114.    The allegations in paragraph 114 contain a conclusion to which a response is not required. To the extent a response is required the paragraph contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

115.    Paragraph 115 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

116.    Paragraph 116 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

117.    Paragraph 117 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

118.    Paragraph 118 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

119.    Paragraph 119 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

120.    Paragraph 120 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

121.    Paragraph 121 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

122.    Paragraph 122 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

123.    Paragraph 123 contains allegations related to parties other than Tilden to which Tilden lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies them.

WHEREFORE, Tilden Marcellus, LLC respectfully requests that this Honorable Court find in its favor and dismiss Plaintiff's complaint against Tilden such other and further relief as is just and proper.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against Tilden may be subject to dismissal for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

This Court lack may subject matter jurisdiction over the claims of the Plaintiff against Tilden to the extent there is a lack of diversity of citizenship between Plaintiff and Defendants all of whom are limited liability companies, and their respective members

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Tilden may be barred by operation of the applicable statute of limitations, laches, waiver, and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Venue is improper in the Middle District of Pennsylvania as Plaintiff and Defendant have expressly agreed to venue in Harris County, Texas.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Tilden may be barred to the extent they are unripe or nonjusticiable.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and this action should be abated or stayed as plaintiff has concurrent actions for mechanics' lien relief under the contract and for unpaid invoices pending in the Court of Common Pleas of Tioga County.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Tilden may be barred or suspended to the extent that supervening acts, conditions and/or events rendered performance to be impossible.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Tilden may by barred to the extent Plaintiff seeks coverage for liability for damages expressly precluded by the contract between Plaintiff and Tilden.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused or aggravated by persons, factors and/or events over which the Defendant had no control.

## TENTH AFFIRMATIVE DEFENSE

Any and all damages or injuries suffered by the Plaintiff were caused in whole or in part by the supervening and intervening acts of third parties.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the terms of the contracts between Plaintiff and Tilden.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Tilden may be barred by the Gist of the Action doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Tilden may be barred by the Economic Loss doctrine.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Tilden may be barred to the extent Plaintiff has made performed worked not contracted for without the prior approval of or consent by Tilden.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Tilden may be barred to the extent Plaintiff failed to mitigate, minimize, or avoid any damages it allegedly sustained.  Plaintiff's recovery against Tilden, if any, must be reduced by the amount attributable to that failure.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Tilden may be barred by the doctrines of *res judicata* and/or collateral estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the parol evidence rule.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Tilden may be barred  by the statute of frauds.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff contractually waived its right to recover the one percent per month penalty under the Contractor and Subcontractor Payment Act.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead with the particularity required by Fed. R. Civ. P. 9(b).

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrine of assumption of risk.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against Tilden may be subject to dismissal for failure to join certain necessary and indispensable parties to this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Tilden asserts all applicable defenses asserted by any of the other defendants in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Tilden reserves the right to assert additional defenses upon further discovery of Plaintiff's claims, upon discovery of the provisions, terms, conditions, and exclusions of any policy under which Plaintiff is allegedly entitled to coverage, upon discovery of further information concerning the underlying claims, and upon the development of any other pertinent information.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants Rockdale Marcellus, LLC, Streeter and Hebert have filed respective Motions to Dismiss the Complaint. To the extent any such ruling dismissing the Complaint is applicable to Defendant Tilden Marcellus, LLC, then Tilden Marcellus LLC joins in said Motions.

## PRAYER FOR RELIEF

**WHEREFORE,** Tilden prays the Court enter judgment in its favor and against Plaintiff as follows:

A.      Dismissing the Complaint with prejudice on the merits;

B.      Plaintiff shall take nothing from Tilden;

C.      Granting judgment for Tilden; and

D.      Any other relief that is equitable, just, and proper.

Date: September 1, 2021

Respectfully Submitted,

TUCKER ARENSBERG, P.C.

/s/ *Beverly Weiss Manne*

Beverly Weiss Manne, Pa. I.D. 34545
1500 One PPG Place
Pittsburgh, PA 15222
Phone: (412) 566-1212
Fax: (412) 594-5619
bmanne@tuckerlaw.com

Kevin L. Hall, PA ID No. 311826
Brian J. Murren, PA ID No. 324567
2 Lemoyne Drive, Suite 200
Lemoyne, PA 17043
Phone: (717) 234-4121
Fax: (717) 232-6802
khall@tuckerlaw.com
bmurren@tuckerlaw.com

*Counsel for Defendant Tilden Marcellus, LLC*

TADMS:5564094-3 036372-191404

## CERTIFICATE OF SERVICE

I, Kevin L. Hall, Esquire, of the law firm of Tucker Arensberg, P.C., hereby certify that I served a true and correct copy of the foregoing document via the Court's Electronic Case Filing system:

Clayton W. Davidson, Esquire
Dana W. Chilson, Esquire
Nicholas V. Fox, Esquire
100 Pine Street
P.O. Box 1166
Harrisburg, PA  17108-1166
*Attorney for Plaintiff*

Megan S. Haines, Esquire
Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222
*Attorneys for Defendant, Rockdale Marcellus, LLC*

George A. Bibikos, Esquire
GA BIBIKOS LLC
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
*Attorneys for Defendants, Edward J. Herbert and Thomas C. Streeter*

**TUCKER ARENSBERG, P.C**.

Dated:  September 1, 2021

/s/ *Beverly Weiss Manne*
Beverly Weiss Manne, Pa. I.D. 34545
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
bmanne@tuckerlaw.com
*Counsel for Defendant, Tilden Marcellus, LLC*